

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED112524 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Cape Girardeau County |
| vs. | ) | Cause No. 22CG-CR00023-01 |
| | ) | |
| JOSHUA L. STOKES, | ) | Honorable Benjamin F. Lewis |
| | ) | |
| Appellant. | ) | FILED: April 22, 2025 |

## Introduction

Joshua Stokes (Stokes) appeals his conviction of second-degree burglary and stealing. Stokes appeals only the denial of his *Batson*[1] challenge during jury selection. Finding the State provided a race-neutral reason for using their peremptory strike and Stokes failed to prove the reason was pretextual, we affirm the judgment of the circuit court.

## Factual and Procedural Background

Stokes was arrested on January 5, 2022 and charged with burglary and stealing. His case proceeded to jury trial. Venireperson 15 remained silent, made no comment, nor answered any questions during *voir dire*. The State made no attempt to elicit any information or statement from

---

[1] *Batson v. Kentucky*, 476 U.S. 79, 89 (1986).

Venireperson 15. Following *voir dire*, the State moved to use a peremptory strike against the potential juror.

Stokes, a Black male, objected to the State's peremptory strike of Venireperson 15, a Black female, claiming she was stricken based on her race in violation of *Batson*. The circuit court heard arguments on the *Batson* claim and denied the challenge. At the conclusion of the trial, the jury found Stokes guilty on both counts and he was sentenced to seven years' imprisonment. This appeal follows.

Standard of Review

This Court may only overturn a *Batson* challenge if the circuit court's findings were clearly erroneous. *State v. McFadden*, 191 S.W.3d 648, 651 (Mo. banc 2006). A decision is clearly erroneous if we are left with the definite and firm opinion that a mistake has been made. *Id.*

Discussion

In his sole point on appeal, Stokes claims that the circuit court clearly erred by overruling his objection to the State's peremptory strike of Venireperson 15, arguing the strike was racially pretextual and a violation of his equal protection rights. We disagree.

"The Equal Protection Clause prevents parties from using peremptory challenges to strike potential jurors on the basis of race." *State v. Carter*, 415 S.W.3d 685, 688 (Mo. banc 2013) (citing *Batson v. Kentucky*, 476 U.S. 79, 89 (1986)). Determining whether a *Batson* violation has occurred involves a three-step procedure. *Id.* First, the defendant must raise a *Batson* challenge with regard to the venirepersons struck by the State and identify the cognizable racial group to which the venireperson belongs. *Batson*, 476 U.S. at 96. The State must then provide a reasonably specific and clear race-neutral explanation for the strike. *Id.* at 98 & n.20. The burden then shifts to the defendant to show that the State's proffered reasons for the strikes were merely pretextual and that the strikes were racially motivated. *See State v. Antwine*, 743 S.W.2d 51, 64 (Mo. banc 1987).

2

Our role is not to "identify additional reasons why the prosecutor could have stricken the venireperson but rather [to] look at whether the reason or reasons given by the prosecutor are race-neutral and, if so, at whether the defendant has shown that the seemingly race-neutral reason or reasons are merely pretextual." *State v. Bateman*, 318 S.W.3d 681, 690 (Mo. banc 2010) (emphasis omitted).

The reason proffered by the State after a *Batson* challenge is presumedly race-neutral unless there is an inherently discriminatory intent. *State v. Parker*, 836 S.W.2d 930, 934 (Mo. banc 1992). *Batson* allows the State to use its peremptory challenges based on the prosecutor's "hunches" as long as it is not racially motivated. *Antwine*, 743 S.W.2d at 65. However, the State is not shielded from constitutional scrutiny simply because they leave one or more minorities on the jury or do not use all their peremptory challenges on minorities. *See Bateman*, 318 S.W.3d at 690; *Parker*, 836 S.W.2d at 940. "[T]o hold that mere tokenism satisfied *Batson* would fly in the face of its purpose." *State v. Hunter*, 802 S.W.2d 201, 203 (Mo. App. E.D. 1991). Additionally, because vague references to attributes like demeanor are largely irrelevant to an individual's capability to sit on a jury, they are heavily scrutinized. *McFadden*, 191 S.W.3d at 655.

Nevertheless, "race-neutral reasons for peremptory challenges often invoke a juror's demeanor (*e.g.*, nervousness, inattention), making the trial court's firsthand observations of even greater importance." *Snyder v. Louisiana*, 552 U.S. 472, 477 (2008). Therefore, when reviewing a decision regarding a *Batson* challenge, the circuit court is given significant deference as the finder of fact because its findings largely depend on an evaluation of credibility and demeanor. *Bateman*, 318 S.W.3d at 687.

Stokes fails to establish circuit court error in denying the *Batson* challenge because he has not shown the State's reason for the preemptive strike was racial pretext. In response to Stokes's

3

*Batson* challenge, the State initially cited the remaining presence of Venireperson 17, a Black female, on the jury. This answer does not satisfy the *Batson* standard or shield the State from a claim of racial pretext. *Bateman*, 318 S.W.3d at 690. Had this been the State's only response, it would have been a clear violation of *Batson*.

However, the State further clarified that Venireperson 15 was quiet, disinterested, and inattentive during *voir dire*. This Court and the Supreme Court of Missouri have found demeanor such as silence and inattentiveness to be a valid race-neutral reason for a peremptory strike. *See State v. Barnett*, 980 S.W.2d 297, 302 (Mo. banc 1998); *State v. Miller*, 162 S.W.3d 7, 16 (Mo. App. E.D. 2005). Therefore, the State has met its duty to tender an adequate reason for the strike.

In response to the State's proffered reason, Stokes counters that Venireperson 15 was a similarly situated juror to those of a different race that were kept on the jury, the State chose not to address any of the stated concerns during *voir dire*, and that defense counsel did not personally view the juror as being uninterested.

The existence of similarly situated jurors is undoubtedly probative of racial pretext. *Parker*, 836 S.W.2d at 940. There were seven white jurors that sat for the trial despite not speaking during *voir dire*. However, Venireperson 15 was not stricken solely because she did not speak. Her silence was a contributive factor that, when combined with her inattentiveness and disinterest, influenced the peremptory strike. There is no evidence or argument submitted that the other silent jurors shared the additional contributive factors that the State identified from Venireperson 15. Therefore, there were not similarly situated jurors kept on the jury because of their race.

Furthermore, the State's *voir dire* may be considered to support or refute an accusation of racial pretext. *Batson*, 476 U.S. at 97. Neither the State nor Stokes went further than asking potential jurors during *voir dire* if they had any conflicts or problems sitting for the case. The

4

circuit court is responsible for considering the entire circumstances of the *voir dire* objectively and subjectively. *State v. Andrews*, 770 S.W.2d 424, 430 (Mo. App. E.D. 1989). Here, the circuit court found no error in the State's *voir dire*. On this record, we cannot find otherwise.

Moreover, there are conflicting accounts as to whether Venireperson 15 appeared to be disinterested or inattentive. Each side claims they witnessed the demeanor in their favor. We look again to the original decision, as it is the circuit court's duty to observe jurors' demeanors and determine the credibility of the strike. *Snyder*, 552 U.S. at 477. Because the circuit court denied the challenge, we defer to its superior position to assess and rely on the legitimacy of the State's explanation. *See State v. Morrow*, 968 S.W.2d 100, 114.

However, we are deeply concerned with the overall lack of record on this challenge. The State neither commented, nor raised any concerns of the juror's demeanor until the *Batson* challenge. Similarly, the circuit court provided no reasoning behind any of its decisions on the record. Nevertheless, the circuit court found the peremptive strike was founded on an acceptable race-neutral reason and there has been nothing to demonstrate that this decision was clearly erroneous.

<u>Conclusion</u>

For the reasons set forth above, the judgment of the circuit court is affirmed.

_____
Virginia W. Lay, J.

Lisa P. Page, P.J., concurs.
Rebeca Navarro-McKelvey, J., concurs.

5